UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CR-111 RLM |
| | ) | |
| BRANDON L. TAYLOR | ) | |

OPINION and ORDER

Brandon Taylor was convicted by a jury in January 2008 of possessing a firearm as a convicted felon (Count 4), possession of ammunition as a convicted felon (Count 5), possessing a firearm as an unlawful user of controlled substances (Count 6), and possession of ammunition as a convicted felon (Count 7). He was sentenced in May 2008 to terms totaling 240 months' imprisonment: 120 months on each count, with the sentences on Counts 4 and 5 to run concurrently with each other, the sentences on Counts 6 and 7 to run concurrently with each other, and the sentences on Counts 4 and 5 to run consecutively with the sentences on Counts 6 and 7. Mr. Taylor's convictions and sentences were affirmed on appeal. United States v. Taylor, 314 Fed. Appx. 872 (7th Cir. 2009). In April 2010, Mr. Taylor filed a petition under 28 U.S.C. § 2255; this court denied his petition on January 19, 2011, and the court of appeals declined to issue a certificate of appealability based on its conclusion that Mr. Taylor hadn't demonstrated the denial of a constitutional right.

On January 18, 2013, Mr. Taylor filed a second petition under 28 U.S.C. § 2255 without first obtaining the proper authorization from the court of appeals;

that petition was denied on February 21 as not properly before this court. Mr. Taylor then filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and (b)(6), seeking to vacate the denial of his Section 2255 petition. Following the court's denial of that motion on June 4, 2013, Mr. Taylor filed an appeal, and on March 6, 2014, the court of appeals declined to issue a certificate of appealability based on its conclusion that Mr. Taylor hadn't demonstrated the denial of a constitutional right.

Mr. Taylor is now before the court having filed an Application for Declaratory Judgment in which he asks the court to "declare 18 U.S.C. § 922(g)(3) unconstitutional as applied, on the ground that intervening authority, namely United States v. Parker, 508 F.3d 434 (7th Cir. 2007), conclusively establishes that a violation of Taylor's fundamental right against double jeopardy occurred through the imposition of dual Section 922(g)(1) and 922(g)(3) convictions predicated on a single incident of firearm or ammunition possession." Mr. Taylor requests that the court vacate his sentences on Counts 6 and 7 and merge the counts of conviction with Counts 4 and 5.

The government argues that Mr. Taylor's claim must be viewed as a second or successive petition brought under 28 U.S.C. § 2255, and because he hasn't demonstrated that he obtained certification from the court of appeals to pursue his claim in this court as required by 28 U.S.C. § 2255(h), his motion must be denied. The government also argues that Mr. Taylor's motion must be denied because his claim is without merit.

Mr. Taylor says this court's jurisdiction is based on 28 U.S.C. §§ 2201 and 2202 "with additional authority conferred under whichever statute, rule or constitutional provision necessary." Mr. Taylor is mistaken.[1] "[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code." Calderon v. Ashmus, 523 U.S. 740, 747 (1998). An action under the Declaratory Judgment Act "cannot be used as a substitute for appeal or habeas corpus, coram nobis, or other such procedure." United States ex rel. Bennett v. Illinois, 356 F.2d 878, 879 (7th Cir. 1996); *see also* Winters v. Fischer, Civil No. 11-2625, 2011 WL 6968482, at *1 (D.Minn. Oct. 11, 2011) ("It is well-settled that a federal prisoner cannot seek relief from a judgment entered against him in a federal criminal case pursuant to a declaratory judgment action."); Wilson v. Walker, No. CIV S-07-2752, 2010 WL 500461, at *3 (E.D. Cal. Feb. 8, 2010) ("[T]he Declaratory Judgment Act, 28 U.S.C. § 2201, may not be used as a substitute for a habeas corpus petition."); Rivera v. Michigan, No. 1:06-cv-783, 2007 WL 431025, at *1 (W.D. Mich. Feb. 5, 2007) ("Relief under the Declaratory Judgment Act is not available to attack a criminal conviction.").

Because Mr. Taylor's claim implicates the fact of his conviction, his claim must be viewed as having been brought as a second or successive petition under

---

[1] In addition, Mr. Taylor's reliance on United States v. Parker, 508 F.3d 434 (7th Cir. 2007), is misplaced. While the Parker court noted that courts are "in unanimous agreement that § 922(g) cannot support multiple convictions based on a single firearm possession," 508 F.3d at 440, the evidence at trial established that Mr. Taylor's convictions weren't based on a single firearm possession or a single incident of possessing ammunition. *See* Resp., pp. 5-8.

28 U.S.C. § 2255. Mr. Taylor hasn't alleged or established that he received the necessary permission from the court of appeals to pursue another Section 2255 petition, so his claims must be denied as not properly before this court.

SO ORDERED.

ENTERED:  March 28, 2014

                                            /s/ Robert L. Miller, Jr.
                                            Judge, United States District Court

cc:    B. Taylor
       AUSA Schmid